Saleem Hadi- pro-se
P.O. Box 743
Arizona City, AZ 85123
section1681@gmail.com
No phone/fax

```
                    FILED  ____ LODGED
              ____  RECEIVED ____ COPY
                    APR 30 2015
              CLERK U S DISTRICT COURT
                 DISTRICT OF ARIZONA
              BY_____DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saleem Hadi, | CV15- 180 TUC DCB |
| Plaintiff, | CASE NO.: |
| v. | COMPLAINT |
| Equifax, Experian, & TransUnion | Fair Credit Reporting Act |
| Defendants. | (15 U.S.C. § 1681 et. seq.) |
| | Bench Trial |

Plaintiff alleges that at all times material:

1.

This is a civil action under the Fair Credit Reporting Act ("FCRA"), 15U.S.C§1681 et.seq. The Court has jurisdiction pursuant to 15 USC §1681(p).

2.

Plaintiff Saleem Hadi ("Plaintiff") is a natural person residing in the State of Arizona, as defined by the FCRA, 15 U.S.C. § 1681a(c).

3.

Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions Inc. ("Experian"), & TransUnion LLC ("TransUnion") are consumer reporting agencies as defined by 15USC §1681a(f).

**Fair Credit Reporting Act**

*U.S. Code § 1681 - Congressional findings and statement of purpose*

**(a) Accuracy and fairness of credit reporting**

*The Congress makes the following findings:*

(1) *The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.*

(2) *An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.*

(3) *Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.*

(4) *There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.*

**(b) Reasonable procedures**
*It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.*

## COMPLAINT
*You can change a record, but you cannot change history.*

4.

Prior to May 23, 2014, the Plaintiff had a pristine personal credit profile at all three credit bureaus. There were no judgment's, late pays, charge-offs, bankruptcies, or any other negatives. The credit score typically ranged between ~770 – 820, depending on the bureau and timeframe checked.

5.

Also prior to May 23, 2014, Plaintiff's credit profile accurately reflected two active federal [direct] student loans, and three active personal credit cards; PNC, Bank of America ("BOA"), and American Express ("AMEX"). The AMEX card had a zero balance & was the oldest creditor having been opened in 1993. All other pertinent information was accurately displayed for these accounts. Additionally, there are many other closed creditor accounts still reflected, ranging from credit cards, mortgages, student loans, etc. Some have been closed many years, and all still accurately show pay history, open/close dates,

high/low balances, credit limit, and other trivial details.

6.

On May 23, 2014, Plaintiff's attorney filed Chapter 7 protection in Tucson, AZ on Plaintiff's behalf. Four creditors contained in the petition had balances: (i) PNC and (ii) BOA credit cards [both personal liability & correctly reflected on his personal credit], & two business liability credit cards, (iii) PNC and (iv) Chase- [both under an LLC business tax ID]. To clarify, there were two, separate PNC cards.

7.

Neither PNC [business] nor Chase credit cards were reported on Plaintiff's personal credit profile while open; however, they report(ed) under the Plaintiff's former company 'Celestial Holdings LLC' to Experian & Equifax, which is designated [correctly] as a corporation in their records. American Express always reported since April 1993, PNC [personal] since February 2004, and BOA since February 2005 [originally reported as MBNA, then FIA, and finally as BOA, after mergers/buyouts].

8.

The bankruptcy was discharged & closed in September, 2014. Additionally, American Express subsequently notified Plaintiff the [zero-balance] account would be closed, despite not losing anything.

9.

In mid-November, 2014, Plaintiff checked his personal credit report at all three Defendant credit bureaus. There were two glaring errors: i) all traces of the AMEX account were erased, including the annual account inquiry by AMEX-AR, and, ii) contrariwise, a closed corporate credit card from Chase now appeared, reflecting payment history back to 2008, stating it has reported since 2008, and is listed as an 'individual' account with corresponding information.

10.

In mid-December 2014, Plaintiff sent a certified detailed dispute letter [3 identical copies] with supporting documentation, addressed [captioned] to all three bureaus, mailed to each bureau individually, asking for corrections and an explanation as to how all three bureaus could make the same exact two mistakes, at the same exact time.

11.

The response from all three was null and deflecting. Though they made no corrections, they

nonetheless did not assert Plaintiff's dispute was frivolous either [FCRA criterion during investigation].

12.

In mid-January 2015, Plaintiff lodged another [online] dispute, this time through the Federal Consumer Financial Protection Bureau ("CFPB"). The information Plaintiff sent to the CFPB was a copy of the original certified letter(s) along with supporting documentation.

13.

Despite common knowledge [law] & each Defendants proclamation that closed accounts in good standing will remain on a credit report for 10-years† from closure and erroneous information is deleted upon verification, the Defendants response(s) were essentially the same; null, deflection, with a little argumentation peppered in. Again, no determination from anyone the dispute was frivolous.

14.

Plaintiff contacted Amex & Chase. Amex never replied, while Chase: did not address ownership question, advised of legal indemnification from bureaus actions, & redirected Plaintiff to all 3 bureaus.

15.

After the Defendants reviewed: the Plaintiff's supporting documentation (copies of older credit reports), their [own] internal records, the bankruptcy petition, & contacted the original credit furnishers, still no corrections; Defendants violate §1681i(a)5(A)i & (B)i.

The law says "*Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information....*" §1681e(b). They have willfully manufactured/maintained plaintiff's incorrect record & have prepared numerous [inaccurate] reports since June 2014, without assuring "*maximum possible accuracy*", in violation of 15 USC 1681e(b).

---

† Maxine Sweet, a VP with 36-years tenure at Experian, hosted an online Question/Answer session on Experian's website. Her name and the following Q/A were mentioned by Plaintiff in his dispute letter.
" Ask Experian, hosted by Maxine Sweet, Experian's Vice President of Public Education
　　Dear Experian,   *How do I have old credit card accounts that are long ago closed or paid off removed from my credit report? I know that my score is negatively affected because of so many "open" accounts! - EDC*
　　Dear EDC,   *Your credit report reflects the account history. Therefore, credit card accounts remain on your report for a set period of time — even after they are closed and paid off. [...] Even if closed, the accounts that have no late payment history remain on your credit report for 10 years from the date closed. As long as the positive information remains, it contributes to a stronger credit history. So, removing those accounts early actually could be harmful to your credit scores. []* "
　　http://www.experian.com/blogs/ask-experian/2014/01/15/closed-accounts-will-remain-in-credit-history-for-10-years/

4

## CLAIM FOR RELIEF
## (FCRA- 15 U.S.C. §1681n)

Plaintiff realleges paragraphs 1 - 15 as if fully set forth herein.

16.

Many businesses rely primarily on a consumer's credit report/score when deciding, among many things, to extend credit, determine deposit(s), decide interest rate(s), or even offer employment. Credit bureaus also bulk-sell consumer profile information to credit grantors for profit. Some sales [promotional inquiries] are listed on a consumer's credit report. The consumer receives no proceeds from these sales.

17.

According to Fair Isaac's FICO score, & the Vantage Score Credit Score [a Defendants collaboration], the largest portion of a credit score is derived from payment-history & age/type-of-account. *See* **exhibit 1**, pg. 9.   Per the Defendant's, good pay-history & longer 'average-account-age', including data from closed accounts, will positively impact the credit score. Conversely, deleting stellar closed-accounts while adding negative-closed accounts would have the opposite, negative effect.

18.

Inexplicably, simultaneously, and at all three major [Defendant] credit bureaus:

i)   The *best* historical credit information was *erased* & continues to be kept off Plaintiff's personal credit report [AMEX – 22yrs old, perfect pay history, $25k credit limit, & an upscale creditor name] *See* **exhibit 2**, pg. 10,       while simultaneously;

ii)  The *worst* non-historical information was *added*, and made to look personal & historical [Chase – a closed, corporate liability Visa with the largest charge off]. *See* **exhibit 3**, pg. 14.

The result is a [purposely] more negative credit report and score. † Plaintiff notified the Defendants twice of these errors, once directly, and once via the Federal government's CFPB dispute process. They refuse corrections and continue to profit from these error(s), at the Plaintiff's expense.

---

†     Subprime oriented banks extend credit to subprime borrowers because it is very lucrative. It begins by bulk-purchasing a bureau's low scored consumer profiles, which, undoubtedly, also creates a powerful $$ incentive to artificially lower/keep-low consumer reports & scores. The CFPB's very first enforcement action was against CapitalOne Bank for deception against 2 million consumers with low credit scores/limits [cited in article], & resulted in a $140,000,000 refund to customers, a $25,000,000 penalty, and a Consent Order. The credit bureaus were not investigated. http://www.consumerfinance.gov/newsroom/cfpb-capital-one-probe/.   Plaintiff has experienced an avalanche of creditor inquiries & mailers from CapitalOne since June 2014.

19.

History is inviolable, and must always be presented accurately. Despite its vital importance to a consumer, a consumer actually has zero say-so in the creation and maintenance of their own credit file. Unlike most other business' products & services, a credit bureau [custodian], has an added responsibility to ensure fairness and accuracy to a consumer & anyone else who relies on the integrity of a credit report.

20.

Dredging up a bankruptcy is needlessly embarrassing, navigating a legal system with no experience is stressful, watching powerlessly as they deliberately disseminate a more negative [than natural] report is libelous/defamatory, the unavailability of a more honest credit report/score is demoralizing, and having to wait until the Court intervenes to order the Defendants to comply with the law wastes time & lowers potential opportunities; this proceeding could take a year or more for relief.

### *An appraisal of §1681n(a)1(A)*

21.

The FCRA's statutory words, *impair-unfair-undermine-vital-grave responsibilities*, illustrate the significance of this law. Every day represents a brand new, dynamic, 24-hour cycle full of fresh new opportunities. Success requires preparation. *Each day* the Plaintiff is denied the availability of his best digital financial self [a true and impartial credit report & score on-demand] undermines his prospects.

The FCRA does not require actual damage(s) be sustained for recovery. It declares a single prerequisite: "*(a) **In general** Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer...*" 15U.S.C.§1681n(a). This law does not bar a plaintiff from initiating multiple actions for the same damages for repeated failure(s). With the laws "respect" to Plaintiff's view [above paragraph], the Defendants can be liable to Plaintiff for daily damages [anew] until these deliberate daily violations cease recycling [anew].

The Defendants were notified directly by Plaintiff & again directly by the U.S. Government about these errors, and they willfully made and continue to keep Plaintiff's credit profile faulty & knowingly prepare inaccurate reports. Although logistically impractical, the Plaintiff technically could file a new liability complaint for each day the Defendants willfully fail to comply with §1681i(a)5Ai & 5Bi, and §1681e(b) when applicable; each iteration would receive a new date/complaint number.

The maximum damages available under §1681n(a)(1)(A) [latter half, between the two "or's"] does not specify how to administer this penalty, in stark contrast to §1681s(a)2(A) [FTC exclusive use] which explicitly states 'per violation' Hence, Plaintiff requests each day their FCRA willful noncompliance violation exists against him = a new daily damage against them; all things considered, that's fair*.

## PRAYER

Plaintiff realleges paragraphs 1 - 21 as if fully set forth herein.

Wherefore Plaintiff requests and prays for a judgment as follows:

1. On Plaintiffs Claim for Relief for willful noncompliance of the FCRA, against Defendants:

    a. M*aximum* statutory damages, 6 violations, under §1681n(a)1(A, 2$^{nd\,option}$), as follows:

        1) On a *daily* basis, for each of 3 violations of §1681i(a)5, against each Defendant [individually], for willful noncompliance, with a beginning date of:

            **Violation (#1) of §1681i(a)5(A)i, WILFULL AMEX DELETION:**

            October 1, 2014, & computed daily until corrected;

            **Violation (#2) of §1681i(a)5(B)i, AMEX REINSERTION:**

            Willful refusal to reinsert AMEX data after certification of accuracy from furnisher. Beginning October 1, 2014, & computed daily until corrected;

            **Violation (#3) of §1681i(a)5(A)i, WILFULL CHASE INSERTION:**

            June 1, 2014, computed daily until corrected;

        2) On a *prepared report* basis, for violation of §1681e, against each individually:

            **Violation (#4) of §1681e(b), WILFULL INACCURATE REPORTS:**

            June 1, 2014, onward, for each instance prepared [including for: 3rd-party promotional, account reviews, creditor inquiries, resellers, & Plaintiff];

        3) On an *each instance* basis, for violation of §1681b, against each individually:

            **Violation (#5) of §1681b(a), IMPERMISSIBLE DISCLOSURE:**

            Sept. 16, 2014, onward, for each instance of unauthorized disclosure;

---

* Leaving a parking-ticket on a long-term illegally parked car does not estop additional violations & penalties for the same infraction on subsequent days. Likewise, as in this case, the penalty should rationally be commensurate with the frequency & scope of the violation(s).

4) On an *each instance* basis, for violation of §1681g, against each individually:

**Violation (#6) of §1681g(a)5, *ALL* INQUIRIES NOT DISCLOSED:**

June 1, 2014 onward, for each instance omitted on Plaintiff prepared reports;

b. Assessment of *maximum* punitive damages;

c. Enjoin Defendants from committing future violations of the FCRA against Plaintiff;

d. Full & proper correction of Plaintiff's current credit report;   &

e. Any attorney fees, costs, & expenses that may be incurred as a result of this action.

Thank You

Dated: 4-30-2015

*[signature]*

Saleem Hadi   pro-se
P.O. Box 743
Arizona City, AZ 85123
section1681@gmail.com
No phone/fax

**EXHIBIT 1**    <u>The entire Credit Score is derived directly from credit profile data</u>

FICO Score
Half is derived from 'Payment history' and 'Length of credit history'
http://www.myfico.com/CreditEducation/WhatsInYourScore.aspx



- Payment history
- Amounts owed
- Length of credit history
- New credit
- Types of credit used

From FICO's website:

" *FICO Scores are the standard credit score in the US, used in more than 90% of lending decisions.* "

" *90 of the top 100 largest U.S. financial institutions use FICO Scores to make consumer credit decisions.* "

---

Vantage Score Credit Score
Biggest factor is Payment history', next is 'Age and type'
http://www.experian.com/consumer-products/vantage-score.html

What influences your VantageScore credit score

**Payment history**
Make sure you pay all your bills on time

**Age and type of credit**
It's helpful to maintain a mix of accounts (credit cards, auto, mortgage) over time to improve your score

**% of credit limit used**
Focus on keeping revolving balances low, under 30% of credit limits

**Total balances/debt**
Best to reduce the amount of debt you owe

**Available credit**
Only open the amount of credit you need

**Recent credit behavior and inquiries**
Don't open too many accounts too quickly

From the Defendants:

" *What is the VantageScore Credit Score?*

*VantageScore® is a credit score that was developed by the three national credit reporting companies (CRCs) — Experian, TransUnion, and Equifax.* "

9

**EXHIBIT 2**     AMEX - Clarification regarding deleted creditor information[1]

The Defendants themselves publicly expound on this aspect of a consumer's data. What follows below is a small sampling:

# TransUnion Blog:

http://blog.transunion.com/    (First three blog quotes)

1) " 8 Top Credit Myths    2015-03-23 By TransUnion

*#3. Closing credit cards helps improve credit health.* This has certain logic, but it's generally wrong. Clipping a card decreases the credit available to you, and potentially, your credit score along with it. Furthermore, closing a credit card does not erase the history you had on that card. In fact, negative information stays on the report for seven to 10 years. "

2) " Credit Scores and Reports: Just the Facts   2015-03-16 By TransUnion

[] First, credit reports and scores are two different things. Your credit report is basically a credit history listing things like accounts closed and opened, your payment history and amounts you've owed and still owe. [...] Credit scores can be incredibly important. [] "

3) " Credit Basics: Get in The Know   2015-01-27 By TransUnion

**Credit reporting at a glance** [] So how does the credit reporting system work? Let's start with the three national credit bureaus: TransUnion, Experian and Equifax. [..] The bureaus gather various types of information, including your name, address, outstanding and closed loans, lines of credit, credit card balances and maximums, and loan payment records. [] "

4)    http://www.transunion.com/personal-credit/credit-issues-bad-credit/what-affects-your-credit-score.page

" What Affects Your Credit Score?

[] **Closed accounts** Generally, negative or derogatory information about delinquent accounts remain on your credit reports for up to 7 years. Positive closed accounts (without late payments or other delinquencies) may appear for longer than 7 years. []"

5)    http://www.creditcards.com/credit-card-news/jeremy-simon-remove-cancel-credit-cards-credit-report-1508.php

" **Q**   Dear Credit Score Report, How do I get those old credit cards that have not been used in years off of my credit report?
-- Brooke
**A**   Hey Brooke, Closing an old credit card account will get it removed from your credit report, but it's a slow process -- and one that's not necessarily good for your credit. In order to get a card removed from your credit report, it first needs to be closed by the bank or borrower. Then you must wait, since that account may remain on your credit history for a decade. That means as a borrower, you simply "cannot 'remove' a credit card from your credit report," says Steven Katz, spokesman for credit bureau TransUnion. "A closed account with negative information will remain on a consumer's report for seven years. One with no negative information will remain for 10 years," Katz says.   "

## **Equifax Blog:**

1) http://blog.equifax.com/credit/how-long-do-closed-accounts-stay-on-my-credit-report/

" **How Long Do Closed Accounts Stay on My Credit Report?**  *Written by* Diane Moogalian *on August 19, 2013*

*Diane Moogalian is* vice president of operations *for Equifax Personal Solutions*   [**emphasis added**]

*Q: How long do closed accounts stay on my credit report?  A: First things first: Closing an account does not remove it from your credit report. [.....]* **Accounts in good standing:** *Credit accounts that are closed but were paid as agreed, will normally remain on your credit report for up to 10 years from the date of last activity. Positive information on* **open accounts** *in good standing, however, can stay on your credit report forever. []*  "

2) http://blog.equifax.com/credit/eight-things-you-dont-know-about-your-credit-score/

" **Eight Things You Don't Know About Your Credit Score**     *Written by* Equifax Experts *on January 9, 2014*

*# 1.* ***The credit reporting agencies don't determine your risk as a borrower, they only report your credit history and determine your score.*** *Instead, the agencies collect and maintain a history of your credit activity, which is reported to them by lenders and creditors that have granted you credit in the past or with whom you still have open accounts. [] A history of on-time payments will reflect positively on your credit score, while a history of late or missed payments could negatively impact your score.*

*# 5.* ***Closed accounts can still affect your credit score.***  *Just because you close an account doesn't mean that information is erased from your credit report. If you close a credit account that was paid as agreed, it will generally stay on your credit report for up to 10 years from the date of last activity. []"*

3) http://blog.equifax.com/credit/credit-report-update-how-is-information-updated-on-my-credit-report/

" **Credit Report Update: How Is Information Updated on My Credit Report?** *By* Robin Holland *on July 26, 2010*

*[] Your credit report contains information from the companies that have granted you credit in the past and those with whom you have open accounts. []   "*

4) http://blog.equifax.com/credit/faq-how-long-does-information-stay-on-my-credit-report/

" **How long does information stay on my credit report?**     *Written by* Diane Moogalian *on May 10, 2010*

*[] Here's a rundown of how long certain types of credit information will remain on your credit history:*
**Credit Accounts** - *Accounts paid as agreed generally remain on your credit file for up to ten years from the date of last activity (DLA). []   "*

5) http://blog.equifax.com/credit/how-long-does-information-stay-on-my-credit-report/

" **How Long Does Information Stay on My Credit Report?**     *Written by* Equifax Experts *on September 4, 2013*

*[]* **Positive information**  *Accounts paid as agreed will generally stay on your credit report for up to 10 years from the date of last activity. []   "*

6)   http://blog.equifax.com/credit/whats-in-my-credit-report/

" <u>What's in My Credit Report?</u>   *Written by* <u>Robin Holland</u> on July 12, 2010

*Think of your credit report as a snapshot of your financial life. Creditors don't get to know you by inviting you over for a barbecue or "friending" you on Facebook. They look to your credit report to get an idea of who you are, your history of payments with loans and credit cards, and what kind of client you may potentially be. Creditors can tell a lot about you from your credit report. []   "*

## Experian Blog:

1)   http://www.experian.com/blogs/ask-experian/2012/06/20/removing-closed-good-standing-accounts-from-report/

"   <u>Removing closed accounts in good standing from your credit report</u>   Posted by <u>experian.team</u>   Jun 20, 2012

*Contrary to popular reports, you don't lose the positive credit history when you close an account. A credit report serves as a record of your account history, so closing an account does not cause the account to be deleted immediately.*
*Experian retains closed accounts with no negative information associated with them for 10 years from the date they are reported closed. As a result, positive credit information remains on your credit report longer than most negative information, such as late payments. Retaining the positive history longer helps you rebuild your credit history if you have had financial challenges.     And, the length of your history is considered in scoring models. The longer you have demonstrated that you can manage credit, the more positive points for your scores. You don't really want those accounts to go away.     Experian will remove the closed accounts automatically at the end of the 10 year retention period.   "*

2)   http://www.experian.com/blogs/ask-experian/2015/01/31/2543/

"   <u>If you use credit, you will have a credit report</u>   Posted by <u>experian.team</u>   Jan 31, 2015

*The only way to not have a credit history or credit scores is to live an entirely cash-based lifestyle. If you use credit you will have a credit report. [...] Closed accounts with no negative payment history remain in the credit reporting system for 10 years, so you might have a credit report for as long as a decade even after you stop using credit. []   "*

3)   http://www.experian.com/blogs/ask-experian/2010/04/14/when-are-closed-accounts-deleted/

"   <u>When are closed accounts deleted?</u>   Posted by <u>experian.team</u>   April 14, 2010

*[] A closed account with no negative information in its history will be deleted 10 years from the date it is closed. It remains in your credit report longer than an account with negative information. Even though the account is closed, the positive payment history will continue to help your scores for as long as it remains. It won't help as much an open account with current payments, but it is still a positive. []   "*

4)   http://www.experian.com/blogs/ask-experian/2009/07/08/paid-closednever-late-account-status-helps-your-credit-standing/

"   <u>Paid, Closed/Never Late" account status helps your credit standing</u>   Posted by <u>experian.team</u> July 8, 2009

*The status indicating the account is paid, closed and never late is a positive thing to have in your credit report. That status indicates you managed the account very well, which shows lenders you are a good credit risk. You shouldn't want it to be*

*deleted. [...]Experian retains paid or closed accounts with no negative information associated with them for 10 years from the date they are reported paid or closed. [...] Keeping the positive information longer than the negative information helps you rebuild a positive credit history if you've had any problems in the past.* "

5) http://www.experian.com/blogs/ask-experian/2012/01/18/closed-accounts-remain-part-of-credit-history/

" **Closed accounts remain part of credit history**    Posted by experian.team  Jan 18, 2012

*A credit report serves as a record of your account history, so closing an account does not automatically remove it from the report. [...]A closed account with no negative information in its history will be deleted 10 years from the date it is closed, meaning you will keep your positive credit history longer than most negative information. Keeping the positive accounts longer works in your favor by retaining the good account information as the negative information is removed.* "

6) http://www.experian.com/blogs/ask-experian/2013/09/10/accounts-are-not-removed-immediately-after-bankruptcy/

" **Accounts are not removed immediately after bankruptcy**    Posted by experian.team  Sep 10, 2013

*Neither declaring bankruptcy nor completing a bankruptcy plan will cause the accounts included in the bankruptcy to be deleted from your credit report. []* "

---

[1] Despite AMEX having been in their records almost the entire time Plaintiff has ever had a credit profile, there was no online method to dispute the deleted AMEX information with any of the bureaus; Plaintiff had to resort to mailing a dispute letter. This complaint illuminates a lopsidedness in credit reporting. A company with an active account with the Defendants can, with a few computer key-strokes, instantly make any changes they desire to a consumer's profile without any apparent oversight. In contrast, a consumer must go to great lengths, up to and including filing a federal lawsuit, just to attempt to reverse those same [erroneous] changes. It seems anything that creates a more negative profile requires minimal proof [if any] & action, while the reverse involves the equivalence of a full-blown evidentiary process. Unfair is an understatement - quite incredible, actually.

Aside:  The central issue at hand is the accuracy of the Plaintiff's credit profile compiled by the Defendants. Disputes regarding past/current: residential address(es), phone number(s), employer(s), public record(s), etc., only require contacting the credit bureau(s) once. Plaintiff disputed a former address on his profile to the defendants directly & was notified with-in ~24-hours of repair. Accordingly, since Plaintiff is not a customer of AMEX or Chase, and, is not given authority over his own file information, the burden is on the Defendant's as a compiler, custodian, and disseminator of Plaintiff's fiscal record to ensure its' accuracy.

Plaintiff exercised his option under §1681i(a)6(B)iii for "...*a description of the procedure used to determine the accuracy and completeness of the information....including business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher...*" in an attempt to understand why the Defendant's changed his age-old credit profile. Their responses were completely worthless - it was simply a summary of a general process followed when receiving any dispute. This same generic information is also: written in the statute, posted on their website(s), printed on the back of every personal credit report, & quoted on myriad online articles citing the Defendants when asked how a dispute is processed. This section's purpose is clearly intended to supply more detail, not less, than what is already known.

**EXHIBIT 3**   Chase - <u>Details of corporate information on Plaintiff's personal credit</u>

Irony is not lost when contrasting the AMEX issue with its polar opposite, the Chase matter.

Defendants acknowledge the corporate designation of Plaintiff's past business - Celestial Holdings LLC [same structure as Defendant's Equifax LLC & TransUnion LLC] in their records. Celestial Holdings had a Chase business revolving charge account – the one in question.

Similar to the AMEX verification, all three Defendants contacted Chase to verify account ownership. Both Equifax & Experian also independently compile business records, and did so for years for Celestial Holdings LLC; having done so, they validate the distinction of this business account, from Plaintiff's personal profile, which has always been separate.

The Chase card account was never on the Plaintiff's credit profile while active, so for those 8 active years his personal profile never benefited from the positives, such as a large credit line (affects debt ratio), or the perfect pay history. Unfairly, with an about-face from AMEX, the Defendants now force derogatory data from a closed business Chase account onto Plaintiff's personal record for the next 7-years. This is not reasonable accuracy, nor is it fair.  Extremely biased - all the bad & none of the good.

**Equifax**
https://sb.econsumer.equifax.com/bizdirect/smallBusinessSearch.ehtml



## Experian

Experian's business records show one revolving trade line reported to them, reflecting a charge-off balance of $34.2k. The Chase business card had a limit of $35k, and ~$34k was charged-off.





**TransUnion**

They do not have a business credit report service; consumer only. However, aside viewing Plaintiff's initial supporting documentation & contacting Chase directly, they also verified the business status of the Chase card by examining the bankruptcy petition via PACER, & then responding in kind to the CFPB's dispute inquiry on Plaintiff's behalf. The debt is listed in the petition as `business.'

---------------------------------------------Copy of TransUnion's response ---------------------------------------



Case number: 150116-■■■■■■

Back

**Status**
Response disputed

TransUnion said:
**Explanation of closure**
In order to protect your privacy, we have mailed a courtesy copy of your TransUnion credit report to the current address we have on file. You can expect to receive it in approximately 5 to 7 business days. If you have any further questions, please call us at 1-800-916-8800, Monday-Friday, 8:00 AM - 11:00 PM ET.

Please visit http://transunion.com/consumerfaqs for frequently asked questions about your credit report.

**Response**
We have reviewed your complaint along with the information you previously provided regarding this issue.

Please be advised, on 10/23/14 AMEX #3499910■■■xxxx deleted the account from your TransUnion credit report. In addition, we have verified, via Pacer; an internet link to the U.S. Bankruptcy court AMEX #3499■■■■■■xx was included in your Chapter 7 Bankruptcy.

---

Copy of last Chase Business statement – account number redacted

